UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN NUNLEY, | Case No. 2:19-cv-01128-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

**I.     INTRODUCTION**

Before the Court is Petitioner's petition for habeas corpus and motion to supplement the petition. ECF Nos. 1-1, 7.  For the following reasons, Petitioner will need to file an amended petition.

**II.     BACKGROUND**

Petitioner filed his application for leave to proceed in forma pauperis on June 27, 2019. ECF No. 1. The Court ordered Petitioner to pay the filing fee after he failed to comply with 28 U.S.C. § 1951(a)(2) and Local Rule LSR 1-2 for filing of applications to proceed in forma pauperis. ECF Nos. 3, 6, 9. Petitioner paid the filing fee on October 22, 2019. ECF No. 10. Petitioner also filed a motion to supplement his petition on August 14, 2019. ECF No. 7. The Court now reviews his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### III. DISCUSSION

The initial petition is missing three grounds. For grounds 1 through 6, it appears that petitioner has copied his brief on direct appeal. However, the pages containing the allegations of grounds 4, 5, and 6 are missing. Page 16 of the petition is the start of ground 4, a claim that the prosecution failed to prove the charges beyond a reasonable doubt. Page 17 of the petition is the conclusion of ground 6, a claim that the prosecution committed misconduct. Ground 5, a claim that the state district court improperly rejected proposed defense jury instruction and improperly overruled defense objections to misleading and prejudicial instructions, is missing entirely. Petitioner will need to file an amended petition that includes these grounds for relief.[1]

In his motion for supplemental addition, Petitioner wishes to combine grounds 9 and 10, allege additional facts in ground 11, and allege a new ground 29. Because the Court is directing petitioner to file an amended petition to include the missing grounds 4, 5, and 6, the Court denies this motion. Petitioner may modify grounds 9, 10, and 11, and allege new ground 29 in the amended petition.

The amended petition also will need to re-allege all the other grounds for relief that petitioner does not change from the initial petition. Otherwise, they will be waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The Court will not review petitioner's other claims until he files the amended petition.

**IT IS THEREFORE ORDERED** that petitioner's motion for supplemental addition (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition.

---

[1] The Court has considered the possibility that petitioner did not want to raise these claims in the petition. Petitioner numbered the pages by hand, and while there is a discontinuity in text, there is no discontinuity in petitioner's page numbering. However, petitioner designated the next ground for relief as ground 7. ECF No. 1-1, at 18. That indicates that petitioner intended to raise grounds 4, 5, and 6, and that he inadvertently left out those pages.

Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. If petitioner does not file an amended petition, then the court will dismiss grounds 4, 5, and 6 from this action.

**IT IS FURTHER ORDERED** that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 2:19-cv-01128-RFB-EJY, above the word "AMENDED."

**IT IS FURTHER ORDERED** that the Clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

DATED: October 24, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**