UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN NUNLEY,<br><br>        Petitioner,<br><br>    v.<br><br>BRIAN WILLIAMS, et al.,<br><br>        Respondents. | Case No. 2:19-cv-01128-RFB-EJY<br><br>**ORDER** |

Petitioner has filed an amended petition (ECF No. 14). The Court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will dismiss some grounds because they clearly lack merit. The Court will direct respondents to respond to the remaining grounds in the amended petition.

Grounds 7, 8, 9, 10, and 11 are claims of error in petitioner's state post-conviction habeas corpus proceedings. Such errors are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989). The Court dismisses these grounds.

Ground 12 is a claim that the trial judge lacked authority to preside over petitioner's trial because she failed to take the oath required under state law. Despite styling this as a federal constitutional claim, Petitioner has alleged only a violation of state law. "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). The Court dismisses ground 12.

1

Grounds 14, 15, 16, 17, and 18 are frivolous sovereign-citizen claims. The Court dismisses them.

Ground 13 is a claim that appellate counsel provided ineffective assistance because appellate counsel failed to raise frivolous sovereign-citizen issues on direct appeal. Appellate counsel did not perform deficiently, and petitioner suffered no prejudice, because appellate counsel decided not to raise frivolous issues on direct appeal. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Court dismisses ground 13.

Ground 28 is a claim that the trial judge abused her discretion when she denied petitioner's proper-person motion to dismiss counsel and arrest of judgment. Petitioner's allegations show that this motion contained nothing but frivolous sovereign-citizen arguments. The Court dismisses ground 28.

**IT IS THEREFORE ORDERED** that grounds 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 28 of the first amended petition (ECF No. 14) are **DISMISSED**.

**IT IS FURTHER ORDERED** that respondents shall file a response to the amended petition (ECF No. 14), including potentially by motion to dismiss, within sixty (60) days of service of an amended petition and that petitioner may file a reply within thirty (30) days of service of an answer. If respondents file a motion to dismiss, then petitioner will have thirty (30) days after service of the motion to file a response, and respondents will have fifteen (15) days after service of the response to file a reply.

**IT IS FURTHER ORDERED** that any procedural defenses raised by Respondents to the amended petition shall be raised together in a single consolidated motion to dismiss. The Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their

argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623 – 24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED: November 22, 2019.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**