## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN NUNLEY,

        Petitioner,

  v.

BRIAN WILLIAMS, et al.,

        Respondents.

Case No. 2:19-cv-01128-RFB-EJY

**ORDER**

**I.     Introduction**

      This is a proper-person habeas corpus matter under 28 U.S.C. § 2254. Currently before the court are the Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 14), Respondents' Motion to Dismiss (ECF No. 19), Petitioner's Response (ECF No. 27), and Respondents' Reply (ECF No. 28). For the reasons stated below, the Court dismisses grounds 19, 20, 21, 22, 23, and 27 of the Petitioner's Amended Petition and grants Respondents' Motion to Dismiss.

**II.    Procedural History**

      On April 19, 2016, Petitioner, Jason Nunley, was convicted of one count each of burglary and grand larceny. Ex. 41 (ECF No. 21-1). Nunley appealed and the Nevada Court of Appeals affirmed. Ex. 77 (ECF No. 21-37).

1     On March 7, 2017, Nunley filed a proper-person state habeas corpus petition. Ex. 79 (ECF No. 21-39). This petition claimed that the Nevada Department of Prisons did not apply sentence credits correctly. The state district court denied the petition. Ex. 101 (ECF No. 22-21). Petitioner appealed and the Nevada Court of Appeals affirmed. Ex. 140 (ECF No. 23-30).[1]

    On October 10, 2017, Nunley filed another proper-person state habeas corpus petition. Ex. 83, 84 (ECF No. 22-3, 22-4). This petition challenged the validity of Nunley's conviction. The state district court denied the petition. Ex. 88 (ECF No. 22-8). Nunley appealed, and the Nevada Court of Appeals affirmed. Ex. 133 (ECF No. 23-23). Among other issues, the Nevada Court of Appeals affirmed the district court's decision that the claims of trial-court error raised in the petition were barred under Nev. Rev. Stat. § 34.810 because Nunley could have raised them on direct appeal. Ex. 133 at 4 (ECF No. 23-23 at 5). The Nevada Court of Appeals denied a rehearing. Ex. 142 (ECF No. 23-32). The Nevada Supreme Court denied review. Ex. 151 (ECF No. 23-41).[2]

    On January 12, 2018, Nunley filed a third proper-person state habeas corpus petition. Ex. 96, 97 (ECF No. 22-16, 22-17). The state district court denied the petition as procedurally barred under Nev. Rev. Stat. § 34.810 because it was a second or successive petition. Ex. 121 (ECF No. 23-11). Nunley appealed, and the Nevada Court of Appeals affirmed. Ex. 144 (ECF No. 23-34).

    Nunley effectively commenced this action on June 24, 2019. On November 13, 2019, he filed an amended petition. ECF No. 14. The Court dismissed grounds 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 28, and directed Respondents to respond to the remaining grounds. ECF No. 15. Responded filed a motion to dismiss and briefing was completed on April 16, 2020. ECF Nos. 19, 27, 28.

---

[1] Respondents state that Petitioner asked to withdraw this appeal and that the Nevada Supreme Court dismissed the appeal. ECF No. 19 at 2 (citing Ex. 135, 136 (ECF No. 23-25, 23-26)). The appeal that Respondents cite does not appear to be related to the credit-application habeas corpus petition.

[2] The court has treated the petitions filed on March 7 and October 10, 2017, as distinct events. Initially, Nunley was raising both issues of computation of time and of validity of the conviction in one petition. The state district court separated the issues, and they have since remained separate.

### III. Legal Standard

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

### IV. Discussion

#### A. Grounds 19, 20, 21, 22, 23, and 27 are procedurally defaulted

Respondents contend that Nunley has procedurally defaulted the following grounds under Nev. Rev. Stat. § 34.810 because he could have raised them on direct appeal:

Ground 19: "District court judge forced petitioner to have unwanted counsel and forced him to trial court [sic] against his will and over his objection." ECF No. 14 at 26. The corresponding claim in the state petition is ground 3B. Ex. 84 (ECF No. 22-4 at 14).

Ground 20: "Trial judge abused her discretion when she failed to acknowledge the petitioner's knowingly [sic] and intelligent waiver of counsel." ECF No. 14 at 26. The corresponding claim in the state petition is ground 1C. Ex. 84 (ECF No. 22-4 at 15).

2

    Ground 21: "Trial judge failed to make adequate inquiry of irreconcilable conflict between petitioner and counsel." ECF No. 14 at 26. The corresponding claim in the state petition is ground 2C. Ex. 84 (ECF No. 22-4 at 17).

    Ground 22: "Trial judge forced petitioner to have unwanted counsel against his will and without his consent." ECF No. 14 at 26. The corresponding claim in the state petition is ground 3C. Ex. 84 (ECF No. 22-4 at 17).

    Ground 23: "Trial judge was judicially bias [sic] and made prejudicial statement against the petitioner." ECF No. 14 at 26. The corresponding claim in the state petition is ground 4C. Ex. 84 (ECF No. 22-4 at 17).

    Ground 27: "Trial judge abused her discretion when she denied the petitioner new trial notice after the verdict was read." ECF No. 14 at 27. The corresponding claim in the state petition is ground 8C. Ex. 84 (ECF No. 22-4 at 18).

As noted above, the Nevada Court of Appeals ruled that Nev. Rev. Stat. § 34.810 barred these grounds because Nunley could have raised them on direct appeal. Ex. 133 at 4 (ECF No. 23-23 at 5).

### B.    Petitioner has not shown cause and prejudice

First, Nunley asserts that he was prejudiced when the state district court failed to hear his motion for extension of time, leave to amend his petition, and to add claims of ineffective assistance of counsel, filed on December 11, 2017. See Ex. 87 (ECF No. 22-7). Due to the court's failure he alleges he was denied right to be heard and his rights under the Due Process Clause of the Fourteenth Amendment were violated. The state district court denied the petition in a hearing outside Nunley's presence on December 12, 2017 and entered a written order on December 20, 2017. Ex. 88 (ECF No. 22-8). The state district court issued its notice of entry of the order on December 27, 2017. Ex. 89 (ECF No. 22-9). The Nevada Supreme Court addressed this argument in affirming the denial of his petition:

> Next, Nunley argues the district court erred by denying the petition before Nunley replied to the State's opposition. Nunley also appears to assert the district court should have permitted him to amend or supplement his petition to add additional claims. A petitioner may raise claims in his initial petition and, if the district court appoints post-conviction counsel, in a supplement. NRS 34.724(1); NRS 34.750(e). All other pleadings may only be filed if ordered by the district court, NRS 34.750(5), and the district court has "broad authority" regarding the permission to file supplemental postconviction pleadings, State v. Powell, 122 Nev. 751, 758, 138 P.3d 453, 458 (2006). Nunley filed a motion requesting additional time to reply to the State's opposition and to amend his petition, but the district court did not grant Nunley's motion. Based on the record before this court, we conclude Nunley failed to demonstrate the district court abused its discretion in this regard.

2

1    Ex. 133 at 5 (ECF No. 23-23 at 6).  Nunley could not have been prejudiced by a state court following

2    state law.  Additionally, even if there was an error in the state post-conviction proceedings, that

3    error is not addressable in federal habeas corpus.  See Franzen v. Brinkman, 877 F.2d 26, 26 (9th

4    Cir. 1989).

5          Second, Nunley cites to Martinez v. Ryan to support his claim.  Martinez v. Ryan, 566 U.S.

6    1 (2012).  In Martinez, the Supreme Court held that the ineffective assistance of post-conviction

7    counsel, or the absence of post-conviction counsel, can be cause to excuse the procedural default

8    of a claim of ineffective assistance of trial counsel.  Id. at 14.  However, none of the six procedurally

9    defaulted grounds in this case are claims of ineffective assistance of trial counsel.  Accordingly,

10   Martinez does not apply to those grounds.

11         Third, Nunley asserts that counsel on direct appeal provided ineffective assistance by not

12   raising the six grounds on direct appeal.  However, the claims of ineffective assistance of appellate

13   counsel are themselves procedurally defaulted.  See Ex. 144 (ECF No. 23-34).  An argument for

14   cause to excuse a procedural default cannot itself be procedurally defaulted.  Edwards v. Carpenter,

15   529 U.S. 446, 453 (2000).  Consequently, Nunley's argument about ineffective assistance of

16   appellate counsel does not excuse the procedural default of grounds 19, 20, 21, 22, 23, and 27.

17         Fourth, Nunley states that it would be a miscarriage of justice to dismiss these grounds as

18   procedurally defaulted.  The Supreme Court has tied the miscarriage-of-justice exception to a

19   demonstration that the petitioner is actually innocent.  Schlup v. Delo, 513 U.S. 298, 321 (1995).

20   Nunley simply states that a miscarriage of justice would occur.  He makes no argument in support

21   of that statement to show that he is actually innocent.  Consequently, the court will not consider

22   whether Nunley is actually innocent.

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

2

**V.     Conclusion**

IT THEREFORE IS ORDERED that Respondents' Motion to Dismiss (ECF No. 19) is **GRANTED**.  Grounds 19, 20, 21, 22, 23, and 27 of the amended petition (ECF No. 14) are **DISMISSED** with prejudice as procedurally defaulted.

IT FURTHER IS ORDERED that Respondents will have sixty (60) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will have thirty (30) days from the date on which the answer is served to file a reply.

DATED: September 28, 2020

_____
RICHARD F. BOULWARE, II
United States District Judge